**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

METIN AKKAYA,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 12-73398

Agency No. A088-771-479

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Metin Akkaya, a native and citizen of Turkey, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Akkaya fears persecution because he avoided military service in Turkey. Akkaya also claims past persecution and a fear of future persecution by his former Sunni religious organization, as well as a fear of Sunnis because of his Submitter religion.

Substantial evidence supports the agency's determination that Akkaya failed to establish he would face a clear probability of future persecution based on his avoidance of military service. *See Barraza Rivera v. INS*, 913 F.2d 1443, 1450 (9th Cir. 1990) (mandatory military service and the possibility of punishment for desertion do not by themselves constitute persecution); *Zehatye v. Gonzales*, 453 F.3d 1182, 1187-88 (9th Cir. 2006) (insufficient evidence petitioner would face individualized threats or disproportionately severe punishment). The record does not support Akkaya's contention that the agency failed to consider all the evidence.

Regarding Akkaya's claim based on his Submitter religion, substantial evidence supports the agency's determination that Akkaya failed to establish persecution by the government, and failed to establish that the government is unwilling or unable to protect him from those he fears in Turkey. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (record did not compel finding that

petitioners established persecution by the government or by forces the government was unable or unwilling to control). The BIA rejected Akkaya's pattern or practice of persecution against non-Sunnis in Turkey and related disfavored group claims. We reject Akkaya's contentions that the agency failed to sufficiently consider his claims or to properly weigh the evidence.

Thus, Akkaya's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**